UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

v.

Chase Farmer,

Defendant.

Criminal No. 22-cr-20678

Hon. Gershwin A. Drain

---

## Government's Sentencing Memorandum

In 2020 and 2021, the defendant, Chase Farmer, smuggled machinegun conversion devices ("MCDs") into the United States. Farmer purchased two types of MCDs—Glock switches and drop in auto sears (DIAS)—from a Russian website called Silencer Sales. In total, Farmer purchased and unlawfully imported eight Glock Switches and 22 DIAS. Farmer illegally sold, transferred, or otherwise disposed of the majority of the 30 MCDs he ordered and received from Silencer Sales. When a search warrant was executed at his residence in 2022, he was found to possess two unregistered and unmarked DIAS. Importantly, Farmer failed to produce any registration or transfer paperwork for the remaining MCDs and told agents he did not know where they were. Farmer was indicted in a four-count superseding indictment, charging him with receipt and possession of unlawfully imported firearms, unlawful possession and transfer of machineguns, and failure by

a federally licensed dealer to keep proper records. In May 2025, a jury found him guilty of all four counts. For his conduct, Farmer deserves a guideline sentence.

## I. Facts and Procedural History

### a. Offense Conduct

In December 2021, the ATF began investigating a Russian website, Silencer Sales, that had been selling MCDs, including Glock switches and DIAS, to individuals in the metro-Detroit area. (PSR ¶ 8). MCDs like Glock switches and drop-in auto sears are classified as machineguns under the law because they turn firearms into fully automatic weapons without any further manufacturing work to the firearm. (*Id.*). As a result, MCDs are very dangerous and strictly regulated by the ATF. (*Id.*).

After reviewing records from an account associated with Silencer Sales, ATF learned that Chase Farmer had purchased DIAS and Glock switches from the website. (*Id.* ¶ 9). Silencer Sales records showed that Farmer placed four orders between November 2020 and March 2021—but only two were successfully processed. (*Id.* ¶ 10). Farmer placed the first two orders in his name, but used an alias, Jacob Blake, for the third and fourth order. All four orders had the same billing and shipping addresses. (*Id.*).

At the time he made these purchases, Farmer operated a business, a Federal Firearms Licensee ("FFL") called Shall Not Be Infringed LLC. (*Id.* ¶ 9). Although

Farmer obtained a license to deal and manufacture in firearms and MCDs and other restricted and dangerous firearms, Farmer was not permitted to import MCDs without applying for a license to import. (*Id.*). Farmer did not apply for a license to import firearms and did not obtain approval to import and MCDs. (*Id.*). Farmer was also required to keep extensive records of his possession, transfer or sale of MCDs and other NFA weapons. (*Id.*).

The ATF obtained warrants for Farmer's email accounts, which revealed that he communicated and placed orders with Silence Sales. (*Id*. at ¶ 10). One of Farmer's email addresses had a fake name associated to it, to avoid detection. (*Id*. at ¶ 10–11).

In late September 2022, the ATF searched Farmer's residence and the premises associated with his FFL. (*Id*. at ¶ 12). At Farmer's residence, they found two unregistered and unmarked DIAS that were determined to be Russian made. (*Id*.). The ATF also found numerous other unregistered NFA weapons. The ATF seized Farmer's FFL registration book from his business premises, which had not been updated since December 2020, and did not contain any of the MCDs he purchased from Silencer Sales, nor the two unmarked DIAS found in his residence. (*Id*.).

**b. Procedural History**

On January 17, 2024, a grand jury charged Farmer with receipt and possession

of unlawfully imported firearms in violation of 26 U.S.C. §§ 5844, 5861(k), and 5871, unlawful possession and transfer of machineguns in violation of 18 U.S.C. § 922(o), and failure by a federally licensed dealer to keep proper records in violation of 18 U.S.C. § 922(b)(5). (ECF No. 23). A jury found Farmer guilty on all counts. (ECF No. 60).

## II. Guideline Calculation

Although the sentencing guidelines are advisory, the Court must nonetheless begin its sentencing analysis by properly calculating the applicable range defendant faces. *See United States v. Booker*, 543 U.S. 220, 245 (2005). The Probation Department has calculated Farmer's advisory guideline range as 51–63 months of imprisonment. (PSR ¶ 60). The government agrees with this calculation.

This guidelines calculation is based on a base offense level of 18 pursuant to §2K2.1(a)(5). Six points are added because the offense involved at least 25 but no more than 99 firearms, pursuant to §2K2.1(b)(1). The criminal history category is I.

## III. Section 3553(a) factors

Section § 3553(a) provides the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." The government addresses the most relevant factors below.

### a. Nature and Circumstances of the Offense

Farmer's offense conduct was particularly dangerous. He unlawfully ordered MCDs from a Russian website. Despite knowing that he was obliged to register and record the transfer of such regulated weapons, Farmer disposed of these unlawfully imported MCDs without making the required records. Glock switches are extremely dangerous items that allow a semi-automatic handgun to empty its magazine in seconds. Farmer chose to begin a business in a highly regulated field and skirted the rules to benefit himself. Farmer's conduct contributes to the proliferation of dangerous and unregulated weapons in the community.

**b. Defendant's History and Characteristics**

Farmer has no criminal history. And at trial and in his PSR, he revealed that he has had a secure upbringing and has had all of his needs met. (PSR ¶ 36). Farmer also revealed he was well versed in federal laws regulating his manufacture, sale, and recordkeeping requirements for the firearms he possessed in connection with his FFL. Nevertheless, as the jury found, he willfully violated that law. Despite all the advantages he had in life, he chose to break the law, smuggling in a large number of dangerous MCDs to a community plagued by gun violence.

**c. Just Punishment, Adequate Deterrence, and Public Protection**

Deterrence is an important consideration when fashioning a sentence to persuade both the defendant and others similarly inclined from possessing firearms and weapons that are prohibited under the law. Deterrence from dangerous conduct

is also important for purposes of protecting the public. In this case, Farmer's conduct threatened our community and put the public in danger. The government believes that a guideline sentence is a just, reasonable, and appropriate sentence to deter Farmer from similar conduct in the future and to protect the public.

## IV. Conclusion

For the reasons described above, the Government respectfully recommends a within-guideline sentence of imprisonment, to be followed by a three-year term of supervised release.

Respectfully Submitted,

JEROME F. GORGON JR.
United States Attorney

*/s/ Diane Princ*
Diane Princ

*/s/ Sarah Alsaden*
Sarah Alsaden

Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
Phone: (313) 226-9146
E-Mail: sarah.alsaden@usdoj.gov

Date: February 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2026. I had the foregoing electronically filed with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Sarah Alsaden*
Sarah Alsaden
Assistant United States Attorney